### LEERBURGER v. HENNESSY REALTY CO.

(Supreme Court, Appellate Division, First Department. June 10, 1910.)

APPEAL AND ERROR (§ 151*)—RIGHT TO APPEAL—PARTY AGGRIEVED.

A corporation was not aggrieved by an order adjudging its president guilty of contempt of court, and could not appeal therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 947–952; Dec. Dig. § 151.*]

Appeal from Special Term, New York County.

See, also, 134 App. Div. 951, 118 N. Y. Supp. 1120.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

Henry S. Mansfield, for appellant.
Everett V. Abbot, for respondent.

---

### In re RANNEY'S ESTATE.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

TRUSTS (§ 291*)—PROCEEDINGS TO ACCOUNT—PARTIES ENTITLED TO COMPEL AN ACCOUNTING.

Where the right of a committee of an incompetent grandson of a testator to compel the trustee of testator to account depends on the construction of the will of testator, and the will is not free from doubt, and where proper steps have been taken in the Supreme Court for the construction of the will, where all interested may be made parties, the proceeding for an accounting should not proceed until it shall have been judicially determined in the action to construe the will that the committee has a right to compel an accounting.

[Ed. Note.—For cases, see Trusts, Cent. Dig. §§ 409, 410; Dec. Dig. § 291.*]

Appeal from Surrogate's Court, New York County.

Petition by William C. Child, committee of the person and property of Elijah F. Clark, an incompetent, to compel Nellie K. Reed and another, as executrix and executor, and Nellie K. Reed, as trustee, of James W. Ranney, deceased, to account. From an order directing the account, the parties aggrieved appeal. Reversed, without prejudice.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Sumner B. Stiles (James R. Turner, on the brief), for appellants.

William H. Kinnear, for respondent.

CLARKE, J. James W. Ranney died February 24, 1889, leaving a last will and testament, which was duly admitted to probate March 15, 1889. His daughter, Nellie K. Ranney, was appointed executrix, and George H. Bottum executor, and they both qualified. It appears that they duly filed an inventory of said estate in March, 1890, duly advertised for claims, and duly paid all the debts of the said estate prior to the year 1892, and duly paid all the legacies on or before the 1st of January, 1893, with the exception of about $250, which they retained for any outstanding claim, which said amount was finally paid and distributed to the residuary legatees under the said will upwards of 11 years ago, and all the beneficiaries under said will fully acquiesced in the full settlement of the estate of the deceased out of court, and none of the beneficiaries under said will have ever made any objection thereto.

The petition for the accounting was made by William C. Child, who was appointed on the 23d day of July, 1909, committee of the person and property of Elijah F. Clark, an incompetent person, the son of Emma G. Clark, and the grandson of the decedent, Dr. Ranney. It appears that the said Elijah F. Clark came of age on the 5th day of April, 1903, and that more than six years elapsed thereafter before the committee of his person and estate was appointed. We are of opinion that upon these facts the surrogate should not compel the executrix and executor of this estate to account.

The will, inter alia, provided as follows:

"I give, devise and bequeath to my said daughter, Nellie K. Ranney, my house and the land appurtenant thereto in Westfield, in the county of Union, in the state of New Jersey; also fourteen lots of land situated on Springfield avenue and South 12th street, and eight lots on Fairmount avenue, all in the city of Newark, in the county of Essex, in the state of New Jersey; also two-thirds of the remaining moneys which I may have in bank, and the remaining two-thirds of the avails of all outstanding book accounts and debts due me, after the payment there out of the sum of $500 to my ever faithful servant Mary McGowery, in the event that she survives me. In trust, nevertheless, to receive the rents and profits of the said lands and premises and apply them to the use of my daughter Henrietta H. Ranney during her life, and upon her death leaving children or descendants, to divide the same equally among such children and descendants, the child or children of any of her children who may have died to be entitled to the share of his or their parent, who was a child of my said daughter, Henrietta H. Ranney; and in the event that my said daughter Henrietta H. Ranney shall die not leaving any children or descendants, it is my will that the property, which is the subject of this trust, be divided equally between my said daughter Nellie K. Ranney, or if she shall have died, her children or descendants, the child or children of any child of hers, who shall have died, to have the share of his, her or their parent, who was a child of the said Nellie K. Ranney, and the children or descendants, then living, of my daughter Emma G. Clark, in the same way."

It appears that Henrietta H. Ranney, the cestui que trust, died in November, 1908, without leaving any children or descendants; that

Emma G. Clark, the mother of Elijah F. Clark, the incompetent, whose committee is the petitioner, is living. The order appealed from requires Nellie K. Reed, formerly Nellie K. Ranney, to file an account of her proceedings as trustee. The right of the petitioner to compel such an accounting depends upon his having a vested interest in the trust estate. The determination of this question requires a construction of the will of Dr. Ranney, for the purpose of determining whether it was his intention, upon the termination of the trust, that the corpus thereof should be divided equally between his daughter Nellie K. Ranney and the children and descendants then living of his daughter Emma G. Clark, to the exclusion of his said daughter Emma G. Clark, if living at that time.

It appears that there have been negotiations for the purpose of submitting the question of the proper construction of said will to the Supreme Court, and that at the time of the institution of this proceeding a summons and complaint in such an action had been prepared for the purpose of obtaining a judicial construction of the said provisions of the will, and that an application had been made for leave to join the said incompetent and his said committee as defendants, and that said application had been granted by the Supreme Court, and that the attorney for the said committee was aware of said steps at the time that this proceeding was instituted.

We think that as the right of the petitioner to institute these proceedings depends upon a construction of a clause in the will which is not free from doubt, and that as proper steps had been taken in the Supreme Court for the construction of the will, where all interested could be made parties and be heard, this proceeding for an accounting should not proceed until it shall have been judicially determined in such action that the petitioner has a right to compel such accounting.

The order appealed from should therefore be reversed, without prejudice, however, to a renewal of the motion for an accounting, if it should be determined in the action to construe the will that the petitioner has a vested interest in the trust estate, with costs to the appellants against the respondents. All concur.