## REED v. CLARK et al.

(Supreme Court, Appellate Division, First Department.   April 21, 1911.)

WILLS (§ 702*)—ACTION FOR CONSTRUCTION—AMENDMENT OF ANSWER—SUBJECT-MATTER.

The trustee under a will brought suit in the Supreme Court for a construction of a clause of the will, and defendants, who on one construction would have an interest in the trust fund created entitling them to call the trustee to account, and who on another construction would have no interest whatever, answered to the issues tendered by the complaint as to the proper disposition of the trust fund, and by a proposed amended answer called upon plaintiff to account. *Held*, that the action should be confined to the question of the proper construction of the will, and that the answer could not be amended so as to raise the issue of accounting; the Surrogate's Court being the proper tribunal for such relief.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1679; Dec. Dig. § 702.*]

Appeal from Special Term, New York County.

Action by Nellie K. Reed, as trustee under the last will and testament of James W. Ranney, deceased, against Emma G. Clark and others. From an order permitting the defendants to serve an amended answer, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Sumner B. Stiles, for appellant.
Wm. H. Kinnear, for respondents.

SCOTT, J. This is an appeal from an order granting the motion of certain defendants to serve an amended answer. This action is by a trustee appointed by the will of James W. Ranney, deceased, and its sole purpose is to obtain a construction of a single clause in said will, and to obtain the direction of the court as to the disposition of the trust fund. The will, among other things, gave certain property to plaintiff in trust, to receive the rents and profits thereof and apply them to the use of testator's daughter, Henrietta H. Ranney, during her life, and at her death to divide the same among her children, if she should leave any. Henrietta has died leaving no children. In this contingency the will provides for the division of the trust fund.

As to the disposition of a part of it, the language and intention of the will is obscure. According to one reading, it would be payable to Emma G. Clark, a daughter of the testator, who is now living. According to another reading, it would be payable to the respondents, who are the children of said Emma G. Clark. It is to procure a construction of the will in this particular that this action is brought. If the one reading prevails, the defendants will have no interest in the estate entitling them to call the executors or trustees to account. If the other reading prevails, they will have such an interest. One of these children, Elijah F. Clark, an incompetent person, instituted proceedings by his committee to compel the executors of James W. Ran-

ney, deceased, to account, and the surrogate ordered them to do so. Upon appeal to this court the order was reversed, the court saying:

"We think that as the right of the petitioner to institute these proceedings depends upon a construction of a clause in the will which is not free from doubt, and that as proper steps had been taken in the Supreme Court for the construction of the will, where all interested could be made parties and be heard, this proceeding for an accounting should not proceed until it shall have been judicially determined in such action that the petitioner has a right to compel such accounting."

These respondents also began an action in this court seeking to call the executors to account. This action was stayed to await the determination in the present action of the question whether or not the respondents have any interest in the estate which would entitle them to demand an accounting. In the present action the respondents, in their original answer, contented themselves with meeting the issue tendered by the complaint as to the proper disposition of the trust fund. By their amended answer they in substance and effect call upon plaintiff, who is an executrix of the will, as well as a trustee, to account. In our opinion this issue should not be interjected into this action, which should be confined to the one question respecting the proper construction of the will. If that construction be favorable to the respondents, the Surrogate's Court is the proper place in which to call the executors to account. If it should be unfavorable to respondents, they will have no right to an accounting in any place.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.